UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08502-RGK-E | Date | January 14, 2022 |
|---|---|---|---|
| Title | *American National Insurance Company v. Vartan Akopyan* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re Attorneys' Fees

## I.  INTRODUCTION

On January 11, 2019, American National Insurance Company ("Plaintiff") issued a life insurance policy to Sogomon Akopyan ("Insured"), who died one year later. (Compl., ECF No. 1.) Vartan Akopyan ("Defendant")—Insured's son and the Trustee of the Sogomon Akopyan Family Irrevocable Life Insurance Trust, the policy's owner and beneficiary—subsequently made a claim for benefits under the policy. Plaintiff rejected Defendant's claim and returned the premium payments that Insured had made. On September 16, 2020, Plaintiff sued for rescission of the policy and for declaratory relief, alleging that Insured's applications for life insurance concealed material facts.

Defendant answered and asserted counterclaims for unfair business practices, breach of contract, and breach of the duty of good faith and fair dealing. (Answer, ECF No. 25.) The Court dismissed Defendant's counterclaim for unfair business practices on April 8, 2021. (Order re Mot. Dismiss Counterclaim, ECF No. 45.) On November 16, 2021, the Court granted summary judgment to Plaintiff on its claims and on Defendant's remaining counterclaims, finding that Plaintiff is entitled to rescission of the life insurance contract and a declaration that it is not obligated to pay the death benefit. (Order re Summ. J., ECF No. 93.)

Presently before the Court is Plaintiff's Motion for Attorneys' Fees, in which Plaintiff seeks an award of $281,763.50. (ECF No. 96.) Defendant does not oppose this Motion. For the following reasons, the Court reserves ruling on this Motion and instead **ORDERS** Plaintiff to show cause, in writing, as to why attorneys' fees would be authorized here.

## II.  FACTUAL BACKGROUND

The underlying facts are set forth in the Court's previous order. (*See* Order re Summ. J.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08502-RGK-E | Date | January 14, 2022 |
|---|---|---|---|
| Title | *American National Insurance Company v. Vartan Akopyan* | | |

### III. DISCUSSION

A Court may deem a party's failure to file an opposition as consent to the granting of a motion. C.D. Cal. L.R. 7-12. However, the Court declines to invoke this rule at this juncture because it questions whether attorneys' fees are even authorized.

"In a diversity case, the availability of attorneys' fees is governed by state law." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388 (9th Cir. 1986). California law provides that a "prevailing party[1] is entitled as a matter of right to recover costs in any action or proceeding." Cal. Civ. Proc. Code § 1032(d). "Costs" include attorneys' fees when they are authorized by contract. Cal. Civ. Proc. Code § 1033.5(a)(10)(A).

Here, Plaintiff asserts that Defendant signed a Trust Certification, which is "completed when a trust is named as owner or beneficiary" of an insurance policy, and that the Trust Certification contains a provision regarding attorneys' fees. (Pl.'s Mot. for Attys' Fees at 5; Marquis Decl., Ex. A, ECF No. 96-3.) Paragraph 6 of the Trust Certification states:

> Each of the undersigned [*i.e.*, Defendant], jointly and severally, individually, and as trustee, indemnifies the Company [*i.e.*, Plaintiff] and agrees to hold the Company harmless against all obligations, demands, losses or liabilities (including attorney's fees) that the Company incurred, suffered, or paid or may incur, suffer or pay in the future because of the Company's reliance on this Certification and/or transactions or actions by the undersigned.

(Marquis Decl., Ex. A ¶ 6.) Plaintiff argues that this provision entitles it to an award of the attorneys' fees that it incurred due to certain "actions by the undersigned," *i.e.*, Defendant. These "actions" include (1) Defendant signing the life insurance application, purportedly knowing that the application did not disclose Insured's abdominal aortic aneurysm ("AAA") and related surgery, and (2) Defendant alleging unsuccessful counterclaims.

The Court finds, however, that Paragraph 6 of the Trust Certification is ambiguous because it has at least two different interpretations. Under one interpretation, the provision authorizes an award of attorneys' fees when Plaintiff incurred fees in reliance on <u>any</u> action by Defendant. Under another interpretation, the provision authorizes an award only when Plaintiff incurred fees in reliance on an action by Defendant <u>that relates to the Trust Certification</u>. Plaintiff subscribes to the first, broader

---

[1] For purposes of its analysis, the Court assumes—without deciding—that Plaintiff is a "prevailing party" under California Civil Procedure Code Section 1032(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08502-RGK-E | Date | January 14, 2022 |
|---|---|---|---|
| Title | *American National Insurance Company v. Vartan Akopyan* | | |

interpretation by arguing that Defendant's actions, which do not directly relate to the Trust Certification, authorize an award of attorneys' fees.

At first glance, the Court disagrees with Plaintiff's interpretation based on principles of contract interpretation. *See* Cal. Civ. Code §§ 1635 *et seq*. One of those principles is that the "whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. Paragraph 6 is included within a list of ten "declarations and certifications," containing promises and acknowledgements regarding the Trust as owner and beneficiary of a life insurance policy. (*See* Marquis Decl., Ex. A § 3.) This fact suggests that Paragraph 6 refers to those specific promises and acknowledgments. If Defendant agreed to indemnify Plaintiff for attorneys' fees incurred "because of the Company's reliance on . . . actions by [Defendant]," then Defendant's actions should relate to the promises/acknowledgements regarding the Trust. Actions outside of this context, such as actions involving litigation that is unrelated to the Trust Certification, would not trigger indemnification of attorneys' fees.

Furthermore, a "fundamental goal of contract interpretation is to give effect to the mutual intent of the parties." *New York Marine & Gen. Ins. Co. v. Specialty Restaurants Corp.*, 74 F.3d 1246, 1246 (9th Cir. 1996). The "intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639. Also, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642. Because the Trust Certification relates to the insurance policy, the Court considers them together. The insurance policy does not contain a provision regarding attorneys' fees; in fact, the only mention of attorneys' fees appears in Paragraph 6 of the Trust Certification. (*See* Marquis Decl., Ex. H, ECF No. 73-12.) The absence of an attorneys' fees provision in the policy suggests that the parties did not intend Defendant to indemnify Plaintiff for actions that relate to the policy and fall outside the context of the Trust Certification.

**IV. CONCLUSION**

The Court therefore **ORDERS** Plaintiff to show cause, in writing, as to why the Court should accept Plaintiff's interpretation of Paragraph 6 of the Trust Certification to authorize an award of attorneys' fees. Plaintiff has until Wednesday, January 19, 2022 at 12:00 PM to file a response to this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08502-RGK-E | Date | January 14, 2022 |
|---|---|---|---|
| Title | *American National Insurance Company v. Vartan Akopyan* | | |

order to show cause, and Defendant has until Friday, January 21, 2022 at 4:00 PM to reply to the response. The response and reply shall be no more than 5 pages.

    **IT IS SO ORDERED.**

 

                                                                                                                                                                                    :

Initials of Preparer